**BARCLAYS AMERICAN/BUSINESS CREDIT, INC.**

v.

**Jan G. OTTERSTROM, Appellant.**

No. 87-3842.

United States Court of Appeals, Third Circuit.

Argued May 31, 1988.

Decided July 18, 1988.

Rehearing Denied Aug. 11, 1988.

Jan G. Otterstrom, pro se.

William J. Cattie, III, Heckler and Cattie, Wilmington, Del., for appellant.

Phebe S. Young (argued), Bayard, Handleman & Murdoch, Wilmington, Del., for appellee.

Before SEITZ, SLOVITER, and HUTCHINSON, Circuit Judges.

OPINION OF THE COURT

SEITZ, Circuit Judge.

Appellant Jan G. Otterstrom appeals from the order of the district court denying his objections to the entry of judgment against him and his objections to the issuance of a writ of execution on that judgment. District court jurisdiction was based on diversity of citizenship. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1982).

## I.

On December 30, 1983, Otterstrom, an attorney in the state of Washington, agreed to invest in HCU Partnership ("HCU"), a Delaware limited partnership involved in acquiring and leasing hydrocarbon conversion processing equipment. Otterstrom made his decision after receiving a telephone solicitation in the state of Washington. Otterstrom signed several documents in connection with his investment, including a subscription agreement and a note to HCU in the amount of $90,000, dated as of December 30, 1983. The subscription agreement contained the disclosure that the partnership units were not being registered under the Securities Act of 1933 nor the laws of any state. The note contained a confession of judgment provision that "authorize[d] and empower[ed] the prothonotary or clerk or any attorney of any court of record to appear for and to confess and enter a judgment" against Otterstrom.[1] Otterstrom also consented in the note to be sued in any court of competent jurisdiction in Delaware or Connecticut and to the in personam jurisdiction of such courts.

In February 1984, pursuant to a loan agreement, Otterstrom's note (among others) was assigned by HCU to Barclays American/Business Credit, Inc. ("Barclays"), a Connecticut corporation, as collateral for a loan. In October 1985, Barclays notified the HCU limited partners and investors of a default by HCU under the loan agreement.

Barclays subsequently initiated this action to confess judgment in the United States District Court for the District of Delaware. The court applied Rule 7.2 of the Local Rules of Civil Practice, which establishes the procedures for entering and executing judgment in diversity cases on a debt where the debtor has confessed judgment.[2] After receipt of notice of the action, Otterstrom filed an objection to the entry of judgment and, in advance of the scheduled hearing, also objected to the execution on the judgment. The hearings on both issues were consolidated by stipulation of the parties.

The district court first held a hearing on Otterstrom's objection to the entry of judgment. 673 F.Supp. 128. The issue at this hearing was limited to the question of whether Otterstrom knowingly and voluntarily waived his right to a hearing prior to the entry of judgment. The court ruled that he had so waived his rights and therefore entered judgment in favor of Barclays on the note.

Pursuant to the local rule, the district court proceeded to examine defenses to execution on the judgment asserted by Otterstrom. Under Local Rule 7.2(H)(3)(c), "the debtor may raise any appropriate defenses." Noting that the local rule is based on the Delaware statute, which limits the defenses that the debtor may raise to those "of which he had no knowledge at the time he signed the instrument containing the warrant of attorney to confess judgment or which arose subsequent to the signing of such instrument," Del. Code Ann. tit. 10, § 2306(j) (1975), the court concluded that the "appropriate defenses" provided by the local rule were subject to those statutory limitations.

Otterstrom contended that the confession of judgment provision in the note was invalid.[3] He asserted that the securities transaction was illegal under Washington state law because the securities were not registered nor were they subject to any applicable exemption. *See* Wash.Rev.Code §§ 21.20.140–320. Arguing that Washington courts would not enforce a contract stemming from such an unlawful transaction, Otterstrom contended that the district court should have held the confession of judgment provision to be void. Thus, asserting that Washington courts would

---

1. The note by its terms is to be governed by the laws of Connecticut.

2. Local Rule 7.2 is based on the Delaware confession of judgment statute. Del.Code Ann. tit. 10, § 2306 (1975).

3. On this appeal, Otterstrom does not contend that the district court erred in rejecting the other defenses that he raised below. Therefore, we will not discuss those contentions.

leave the parties in the position in which it found them, he argued that he was not obligated to fulfill his obligations under the note.

The district court, however, noting that the absence of registration was disclosed in the subscription agreement that Otterstrom signed, held that Otterstrom had knowledge of this defense when he signed the note.[4] Therefore, the court concluded that, even if this defense were valid, it was waived under the Delaware statutory framework. The district court entered an order denying Otterstrom's objections to the issuance of a writ of execution on the judgment.

This appeal followed.

## II.

On this appeal, Otterstrom argues that the legality of the sale of the securities must be decided as an initial matter in this case, although in the district court he presented the issue as a defense to the execution of judgment under the confession of judgment rules. In essence, he asserts that, because the sale of the securities was illegal, the waiver and consent provisions contained in the note that stemmed directly from such transaction are invalid. This, he contends, is a threshold question that should have been addressed before the court even considered the relevant confession of judgment provisions.

The district court assumed, without deciding, that the illegality of the underlying transaction would be an "appropriate defense" under Local Rule 7.2(H)(3)(c).[5] It concluded, however, that the defense was waived under the provisions of the local rule, L.R. 7.2(H), Del.Code Ann. tit. 10, § 2306, because it was a defense about which Otterstrom had knowledge when he signed the note. The resolution of these conflicting positions presents a question of law and, in consequence, our review is plenary.

Juxtaposing the district court's determination with the contention of Otterstrom demonstrates that they proceed on different levels of analysis. Otterstrom seems to imply that the illegality he asserts would not be a defense under the local rule, whereas the district court assumed that it could be such a defense and proceeded to find that it had been waived.

It is important to note at the outset that Otterstrom does not attack the constitutionality of the Delaware statute or the district court rule imposing the waiver limitation under certain circumstances. Our analysis then is limited solely to determining whether the district court properly applied the waiver provision under the facts of this case, and we will not stray beyond the statutory framework as encompassed in the local rule.

We find Otterstrom's position unacceptable because the Delaware confession of judgment procedures were clearly available to Barclays in this diversity case. They were not rendered inapplicable because a person in Otterstrom's position chose to raise a contention that, given the facts, was deemed waived under Delaware law. Otterstrom cannot avoid the waiver provisions of the Delaware law by characterizing his contention as a threshold issue, particularly since the district court assumed that the alleged illegality would be a defense under Delaware law in the absence of a valid waiver.[6]

## III.

The order of the district court will be affirmed.

---

**4.** Otterstrom does not now challenge this finding of the district court.

**5.** This identical language is contained in Civil Rule 58.1(h)(3)(III) of the Rules of the Superior Court of the State of Delaware.

**6.** In view of our determination, there is no need to address the alternative basis for the district court's ruling. The same is true as to the holder in due course position asserted by Barclays.